BARKDULL, Chief Judge.
The appellant instituted a declaratory action seeking relief in connection with a lease dated January 25,1946, for an original term of five years and three renewals thereof. The tenant contended in the trial court that the last renewal was effective for only a period of 2 years, because the provision relative to the rental was not fixed.
Following both parties moving for a summary decree and the court examining the original lease agreement and the subsequent correspondence relative to renewals thereof, it found that the lease (by its renewal) was for a period of five years with a fixed rental of at least $875.00 per month, the rental agreed to be paid the first 2 years. The tenant contended that because the rent could be re-negotiated at the expiration of the first two-year period that there was, in fact, renewal only for this term. See: 32 Am.Jur., Landlord & Tenant, 806.
If this was the original renewal of the basic lease and the parties had not exhibited a course of conduct to the contrary over the past 12 years, it would appear that the principle of law enunciated by the appellant is applicable. However, it appears that the intention of the parties, as evidenced by their conduct and the several documents, was that the renewal was for a fixed term each five-year period at a minimum rental for the first two years which, because of an increase in taxes, inflation, cost of living, etc., would permit the landlord to raise the rental for the last three years of each five-year term upon negotiations. Apparently, advantage was taken of this during some of the previous renewal periods, but no attempt was made by the landlord to increase the rental for the last three years for the final five-year term beyond that fixed initially. Therefore, the chancellor was correct in his decree, here under review, arid same is hereby affirmed.
Affirmed.